# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6870 PA (SSx) | Date | August 13, 2018 |
|---|---|---|---|
| Title | Ellen Marie Thompson v. Empire Today, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed on August 10, 2018 by defendant Empire Today, LLC ("Defendant"). Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Ellen Marie Thompson ("Plaintiff") on the basis of diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company . . . ."). A corporation is a citizen of any

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6870 PA (SSx) | Date | August 13, 2018 |
|---|---|---|---|
| Title | Ellen Marie Thompson v. Empire Today, LLC, et al. | | |

state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

In an effort to establish its own citizenship, Defendant alleges

> 8. Defendant is a citizen of the states of Delaware and Illinois. . . .
>
> 9. Defendant is, at the time the State Court Action commenced, and still is, a corporation formed and incorporated under the laws of the State of Delaware. Defendant's headquarters is located at 333 Northwest Avenue, Northlake, Illinois 60164, where the majority of the corporations' (sic) officers direct, control, and coordinate its activities.
>
> 10. Defendant, a limited liability company, consists of a sole member, H.I.G. Holdco, Inc., a corporation formed and incorporated under the laws of the State of Delaware.

(Notice of Removal ¶¶ 8–10.)

Such allegations are insufficient to establish Defendant's citizenship. A defendant is presumed to know the facts surrounding its own citizenship. See, e.g., Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014); Cretian v. Job1USA, Inc., No. 09-CV-770-ST, 2009 WL 4841039, at *1 (D. Or. Dec. 11, 2009) ("Defendant is presumed to know its own citizenship; indeed it is in the best position to know it for purposes of removal."). While Defendant alleges in paragraph 9 that it is a corporation, it alleges in paragraph 10 that it is in fact an LLC. It is further evident from its name that Defendant is an LLC rather than a corporation. Because Defendant is an LLC rather than a corporation, its principal place of business and state of formation do not establish its citizenship. See Johnson, 437 F.3d at 899. Furthermore, the information provided for Defendant's sole member is inadequate to establish Defendant's citizenship. Specifically, while Defendant identifies its sole member's place of incorporation, Defendant has failed to identify that member's principal place of business. See Indus. Tectonics, Inc., 912 F.2d at 1092. Because Defendant has not identified its member's principal place of business, it has failed to demonstrate that member's citizenship. By failing to demonstrate its member's citizenship, Defendant has failed to establish its own citizenship, and the Court cannot determine whether complete diversity of citizenship exists. Therefore, Defendant has not established that this Court has diversity jurisdiction over this action.

Accordingly, Defendant has not met its burden to establish this Court's subject matter jurisdiction. The Court remands this action to Los Angeles County Superior Court, Case No. VC067200. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.